IC6KLOPP

1  UNITED STATES DISTRICT COURT
   SOUTHERN DISTRICT OF NEW YORK
2  ------------------------------x

3  UNITED STATES OF AMERICA,

4              v.                        18 CR 868 (SHS)

5  JORGE RODRIGUEZ LOPEZ,

6              Defendant.

7  ------------------------------x

8                                   New York, N.Y.
                                    December 6, 2018
9                                   3:45 p.m.

10 Before:

11                 HON. SIDNEY H. STEIN,

12                                   District Judge

13                      APPEARANCES

14

15 GEOFFREY S. BERMAN,
        United States Attorney for the
16      Southern District of New York
   NATHAN M. REHN
17      Assistant United States Attorney

18 EZRA SPILKE
        Attorney for Defendant

19

20 ALSO PRESENT:  HUMBERTO GARCIA, Spanish Interpreter

21

22

23

24

25

IC6KLOPP

1          (Case called)

2          THE DEPUTY CLERK:  Counsel, please state your names

3     for the record.

4          MR. REHN:  Good afternoon, your Honor.  AUSA Thane

5     Rehn, appearing for the United States.

6          MR. SPILKE:  Good afternoon, your Honor.  Ezra Spilke,

7     for Mr. Rodriguez Lopez.

8          THE COURT:  Good afternoon to all of you.

9          I understand we are here for the entry of a guilty

10    plea.  Is that it?

11         MR. REHN:  Yes, your Honor, and for the filing of the

12    information, and the arraignment, yes.

13         THE COURT:  Has there been an appearance before a

14    judicial officer where the defendant was advised of his

15    constitutional rights?

16         MR. REHN:  Well, he was initially arrested on a

17    complaint and presented in Magistrate Court, and he was advised

18    of his rights at that time.

19         THE COURT:  Has he entered a plea of not guilty?

20         MR. REHN:  He has not entered a plea to the

21    information, which has not yet been filed, your Honor.

22         THE COURT:  All right.  Let me look through some of

23    this.

24         Mr. Spilke, how do you want to proceed?  We can do it

25    one of two ways, it seems to me.  I could either arraign this

IC6KLOPP

1    defendant on the information, he would enter a plea of not

2    guilty, then you could make an application to withdraw the

3    not-guilty plea, and we'll go through the plea allocution,

4    leading to a determination by me as to whether or not to accept

5    the guilty plea to the information.  That's one way.

6           The other way is, in essence, we could fold the

7    arraignment on the information into the allocution itself.  It

8    makes no difference to me.

9           MR. SPILKE:  Well, I guess we had prepared my client

10   and I had prepared to take the first path, arraigning on the

11   information, entering a plea of not guilty, and then

12   withdrawing.

13          THE COURT:  Okay, fine.  Let's do it that way.

14          Mr. Rodriguez Lopez, if you would rise, sir.

15          What's your full name?

16          THE DEFENDANT:  Jorge Arturo Rodriguez Lopez.

17          THE COURT:  Mr. Rodriguez Lopez, have you received a

18   copy of Information 18 MJ 5710?

19          THE DEFENDANT:  Yes.

20          THE COURT:  Was it read to you, sir?

21          THE DEFENDANT:  Yes.

22          THE COURT:  Was it read to you in Spanish?

23          THE DEFENDANT:  Yes.

24          THE COURT:  Did you discuss it with your attorney?

25          THE DEFENDANT:  Yes.

IC6KLOPP

1          THE COURT:  You have the right to have me read that

2    information to you now in open court, but if you don't want me

3    to, I won't.  It's entirely up to you.  Do you want me to read

4    the information or no?

5          THE DEFENDANT:  No.

6          THE COURT:  All right.  I accept there's a knowing and

7    voluntary waiver of the right to have the information read in

8    open court.

9          How do you now plead to the charges in that

10   information against you, sir, guilty or not guilty?

11         THE DEFENDANT:  No, not guilty.

12         THE COURT:  All right.  I accept your not-guilty plea.

13         Mr. Spilke, what would you like to do now?

14         MR. SPILKE:  Yes, your Honor.  Mr. Rodriguez Lopez

15   wishes to withdraw his previously entered plea of not guilty

16   and enter a plea of guilty.

17         THE COURT:  All right.  My deputy will swear the

18   defendant in.

19         (Defendant sworn)

20         THE DEPUTY CLERK:  Please state your full name and

21   spell your last name for the record.  Put your hand down.

22         THE COURT:  State your full name again.

23         THE DEFENDANT:  Jorge Arturo Rodriguez Lopez.

24         THE COURT:  Mr. Rodriguez Lopez, do you understand

25   that you're now under oath, and that if you answer any of my

IC6KLOPP

1    questions falsely, your false or untrue answers may later be

2    used against you in another prosecution for perjury or for

3    making a false statement?

4              THE DEFENDANT:  Yes.

5              THE COURT:  How old are you, sir?

6              THE DEFENDANT:  I am 37 years old.

7              THE COURT:  How far did you go in school?

8              THE DEFENDANT:  Eighth.

9              THE COURT:  Eighth grade?

10              THE DEFENDANT:  Yes.

11              THE COURT:  Approximately how old were you when you

12    left formal education?

13              THE DEFENDANT:  About 23, 24 years old.

14              THE COURT:  When you left eighth grade?

15              THE DEFENDANT:  Yes.

16              THE COURT:  Was that here in the United States or in

17    another country?

18              THE DEFENDANT:  In another country.

19              THE COURT:  What was that?

20              THE DEFENDANT:  Honduras.

21              THE COURT:  Do you fully understand the interpreter?

22              THE DEFENDANT:  Yes, yes.

23              THE COURT:  Do you have any difficulty in

24    communicating with him?

25              THE DEFENDANT:  No.

IC6KLOPP

1          THE COURT:  Are you now, or have you recently been,

2     under the care of a doctor or a psychiatrist?

3          THE DEFENDANT:  No.

4          THE COURT:  Have you ever been treated or hospitalized

5     for any mental illness or any type of addiction, including drug

6     or alcohol addiction?

7          THE DEFENDANT:  No.

8          THE COURT:  In the past 24 hours, sir, have you taken

9     any drugs, medicine or pills, or consumed any alcohol?

10         THE DEFENDANT:  No.

11         THE COURT:  Is your mind clear today?

12         THE DEFENDANT:  Yes.

13         THE COURT:  Are you feeling all right, sir?

14         THE DEFENDANT:  Yes.

15         THE COURT:  Do you have an attorney?

16         THE DEFENDANT:  Yes.

17         THE COURT:  Who is that?

18         All right.  The defendant is pointing to Mr. Spilke.

19         Mr. Spilke, do you have any doubt as to your client's

20    competence to plead at this time?

21         MR. SPILKE:  No, your Honor.

22         THE COURT:  Now, Mr. Rodriguez Lopez, Mr. Spilke

23    informed me that you wished to enter a plea of guilty to the

24    information against you.  Is that true?  Do you wish to enter a

25    plea of guilty at this time?

IC6KLOPP

1    THE DEFENDANT:  Yes.

2    THE COURT:  Have you had a full opportunity to discuss

3    your case with Mr. Spilke and to discuss the consequences of

4    entering a plea of guilty?

5    THE DEFENDANT:  Yes.

6    THE COURT:  Are you satisfied with Mr. Spilke and his

7    representation of you?

8    THE DEFENDANT:  Yes.

9    THE COURT:  On the basis of Mr. Rodriguez Lopez's

10   responses to my questions today and my observations of his

11   demeanor as he stands here before me today, which is the first

12   time I have had an opportunity to address the defendant, I do

13   make the finding that he is competent to enter an informed

14   plea.

15   But before I accept the plea from you, sir, I'm going

16   to be asking you certain questions.  My questions are going to

17   be intended to satisfy me that you wish to plead guilty because

18   you are guilty, and that you fully understand the consequences

19   of your entering a plea of guilty today.

20   I'm going to be describing to you certain rights you

21   have under the Constitution and laws of the United States.  You

22   are going to be giving up those rights if you enter a plea of

23   not guilty.  Please listen to me carefully, and if you do not

24   understand anything I am saying to you or asking you or

25   describing, I want you to stop me.  You can ask me anything you

IC6KLOPP

1  want, you can ask your attorney anything you want.  I want to

2  make sure that you understand what I am saying to you, and that

3  you understand what I'm asking you.

4           Do you understand that, sir?

5           THE DEFENDANT:  Yes.

6           THE COURT:  Under the Constitution and laws of the

7  United States, sir, you have the right to a speedy and public

8  trial by a jury on the charges against you, which are contained

9  in Information 18 MJ 5710.

10           Do you understand that?

11           THE DEFENDANT:  Yes.  Yes.

12           THE COURT:  If there were a trial, you would be

13  presumed innocent, and the government would be required to

14  prove you guilty by competent evidence and beyond a reasonable

15  doubt.  You would not have to prove you were innocent at a

16  trial.

17           Do you understand those rights?

18           THE DEFENDANT:  Yes.

19           THE COURT:  If there were a trial, a jury composed of

20  12 people selected from this district would have to agree

21  unanimously that you were guilty.

22           Do you understand those rights?

23           THE DEFENDANT:  Yes.

24           THE COURT:  You have a right to be represented by an

25  attorney at trial and at every other stage of the proceedings.

9

IC6KLOPP

1   If you could not afford an attorney, one would be provided to

2   you at no cost to you.

3            Do you understand those rights?

4            THE DEFENDANT:  Yes.

5            THE COURT:  If there were a trial, you would have a

6   right to see and hear all of the witnesses against you, and

7   your attorney could cross-examine those witnesses.  You would

8   have the right to have your attorney object to the government's

9   evidence and offer evidence on your own behalf if you so

10  desired.  And you would have the right to have subpoenas issued

11  or other compulsory process used to compel witnesses to testify

12  in your defense.

13           Do you understand all those rights?

14           THE DEFENDANT:  Yes.

15           THE COURT:  If there were a trial, sir, you would have

16  the right to testify if you wanted to, but no one could force

17  you to testify at your trial if you did not want to testify.

18           In addition, no inference nor suggestion of guilt

19  could be drawn if you decided not to testify at a trial.

20           Do you understand those rights?

21           THE DEFENDANT:  Yes.

22           THE COURT:  Do you understand that by entering a plea

23  of guilty today, you're giving up each and every one of the

24  rights I have described, you're waiving those rights, and that

25  there will be no trial?

IC6KLOPP

1          THE DEFENDANT:  Yes.

2          THE COURT:  Do you understand that you have the right

3    to change your mind right now, and refuse to enter a plea of

4    guilty?  You don't have to enter this plea if you do not want

5    to, for any reason whatsoever.  Do you understand that?

6          THE DEFENDANT:  Yes.

7          THE COURT:  Now, earlier you told me that you received

8    a copy of the information in this case, and that you had it

9    read to you.  Is that correct?

10          THE DEFENDANT:  Yes.

11          THE COURT:  Did you discuss it with your attorney?

12          THE DEFENDANT:  Yes.

13          THE COURT:  Do you understand that you're charged in

14    that indictment with conspiring to distribute and to possess

15    with intent to distribute a quantity of mixtures and substances

16    containing a detectable amount of p-fluoroisobutyryl fentanyl,

17    which is an analogue of fentanyl, U-47700, oxycodone and

18    hydrocodone?  And that's all alleged to be a violation of 21,

19    U.S.C., 846 and 841(b)(1)(C).  Do you understand that?

20          THE INTERPRETER:  The interpreter would like to

21    request that the citation be repeated, please.

22          THE COURT:  Of course.  21, U.S.C., 846 and

23    841(b)(1)(C).

24          Do you understand all of that?

25          THE DEFENDANT:  Yes.

IC6KLOPP

1          THE COURT:  Now, I've told you that you're being

2    charged by an information.  Mr. Rodriguez Lopez, an information

3    is simply a charge by the government.  It's not an indictment.

4    An indictment, on the other hand, is a charge by a grand jury.

5          Do you understand that?

6          THE DEFENDANT:  Yes.  Yes.

7          THE COURT:  Now, I have a document in front of me.

8    It's entitled "Waiver of Indictment."  And it says in its

9    entirety, "The above-named defendant, who is accused of

10   violating 21, U.S.C., 846, being advised of the nature of the

11   charge of his rights, hereby waives in open court prosecution

12   by indictment and consents that the proceeding may be by

13   information instead of by indictment."

14         I'm going to ask my deputy to mark it as Government

15   Exhibit 1, and I am going to have her show you that page.

16         Is that your signature on that page?

17         THE DEFENDANT:  Yes.

18         THE COURT:  Was that document read to you in Spanish?

19         THE DEFENDANT:  Yes.

20         THE COURT:  Do you understand you have waived the

21   right to be charged by an indictment and you've agreed to being

22   charged by an information of the government?

23         THE DEFENDANT:  Yes.

24         THE COURT:  Did you waive that right voluntarily and

25   knowingly?

12

IC6KLOPP

1          THE DEFENDANT:  Yes.

2          THE COURT:  Do you understand that if you did not

3    plead guilty today, the government would have to prove every

4    part of the charge in that information beyond a reasonable

5    doubt at trial?

6          THE DEFENDANT:  Yes.

7          THE COURT:  Mr. Rehn, set forth the elements of 846,

8    please.

9          MR. REHN:  Certainly, your Honor.

10         For the conspiracy charged in Count One of the

11   information, there are two elements:

12         Number one, that there was a conspiracy -- that is, an

13   agreement between at least two people -- to accomplish an

14   unlawful objective.  Here, the unlawful objective that's

15   charged in the information is to distribute and possess with

16   intent to distribute a quantity of mixtures and substances

17   containing a detectable amount of p-fluoroisobutyryl fentanyl,

18   which is an analogue of fentanyl, U-47700, oxycodone and

19   hydrocodone;

20         And, second, that the defendant knowingly and

21   willfully became a member of that conspiracy.

22         In addition, the government would have to prove that

23   venue was proper in the Southern District of New York.

24         THE COURT:  You understand that everything except the

25   venue that Mr. Rehn set forth would have to be proved beyond a

IC6KLOPP

1    reasonable doubt at trial?

2              THE DEFENDANT:  Yes.

3              THE COURT:  Now, Mr. Rehn also said that venue would

4    have to be proved.  Venue simply means that at least one act in

5    furtherance of the conspiracy took place in the Southern

6    District of New York.  But the burden on the government of

7    proving venue, it simply must prove venue by a preponderance of

8    the evidence, which is a lower standard than the requirement

9    that the government prove the elements of the offense beyond a

10   reasonable doubt.

11             Do you understand that?

12             THE DEFENDANT:  Yes.

13             THE COURT:  Now, do you understand, sir, that the

14   maximum possible penalty of the crime to which you are pleading

15   guilty is 20 years in prison, a maximum term of supervised

16   release of life, a mandatory minimum term of supervised release

17   of three years, a maximum fine of the greatest of $1 million or

18   twice the gross pecuniary gain derived from the offense or

19   twice the gross pecuniary loss to individuals other than you

20   resulting from the offense, plus a $100 mandatory special

21   assessment?  In addition, you are going to be required to pay

22   restitution to anyone injured as a result of your criminal

23   conduct.

24             Do you understand that's the maximum penalty that you

25   can suffer from entering a plea of guilty today?

IC6KLOPP

1        THE DEFENDANT:  Yes.

2        THE COURT:  Now, I said that you face a maximum term

3   of supervised release of life.  Supervised release, sir, means

4   you're going to be subject to monitoring upon your release from

5   prison.  The monitoring is to be under terms and conditions

6   that could lead to your reimprisonment without a jury trial for

7   all or part of the term of supervised release and without

8   credit for time previously served on postrelease supervision if

9   you violate any term or condition of supervised release.

10        Do you understand that?

11        THE DEFENDANT:  Yes.

12        THE COURT:  Now, I told you what the maximum penalty

13   is.  There's also a minimum penalty here.  In other words, I

14   have to sentence you to a minimum term of supervised release of

15   three years.

16        Do you understand that?

17        THE DEFENDANT:  Yes.

18        THE COURT:  Do you understand that if I accept your

19   guilty plea and determine that you're guilty, that

20   determination will deprive you of such valuable rights as the

21   right to vote, the right to hold public office, the right to

22   serve on a jury, and the right to possess any kind of firearm?

23        THE DEFENDANT:  Yes.

24        THE COURT:  Mr. Spilke, is your client a United States

25   citizen?

IC6KLOPP

1          MR. SPILKE:  No, he's not, your Honor.

2          THE COURT:  Mr. Rodriguez Lopez, do you understand

3  that your guilty plea is going to make it very likely that you

4  will be deported from the United States?

5          THE DEFENDANT:  Yes.

6          THE COURT:  Did you discuss the fact that you very

7  likely will be deported as a result of your guilty plea, with

8  your attorney?

9          THE DEFENDANT:  Yes.

10         THE COURT:  Has your attorney informed you that you

11  most likely are going to be deported as a result of your guilty

12  plea?

13         THE DEFENDANT:  Yes.

14         THE COURT:  Do you still wish to plead guilty,

15  regardless of the fact that you almost certainly will be

16  deported as a result of your guilty plea?

17         THE DEFENDANT:  Yes.

18         THE COURT:  Do you understand that if you do plead

19  guilty today, you will have no right to withdraw your guilty

20  plea based on any actual or perceived adverse immigration

21  consequence resulting from the guilty plea, including removal

22  from the United States?

23         THE DEFENDANT:  Yes.

24         THE COURT:  Under current law, sir, there are

25  sentencing guidelines that judges, such as myself, must use in

IC6KLOPP

1    applying the factors set forth in 18, U.S.C., 3553(a), to

2    determine what an appropriate sentence is in this case.

3            Have you talked to Mr. Spilke about the sentencing

4    guidelines?

5            THE DEFENDANT:  Yes.

6            THE COURT:  Do you understand I won't be able to

7    determine what the relevant guideline sentence is until after a

8    presentence report has been completed by the probation office,

9    and you and the government and your attorney will have an

10   opportunity to challenge any of the facts reported by the

11   probation office?

12           THE DEFENDANT:  Yes.

13           THE COURT:  Do you understand that even after I

14   determine what the appropriate guideline range is that applies

15   in this case, I still have the ability to impose a sentence

16   based on a departure from the guidelines?  In other words, I

17   can sentence you to a term greater than that provided for by

18   the guidelines and, similarly, I can sentence you on a

19   departure basis to a term that's less than the term provided by

20   the guidelines.

21           Do you understand that?

22           THE DEFENDANT:  Yes.

23           THE COURT:  After I do that, I still have to factor in

24   all of the elements of 18, United States Code, Section 3553(a)

25   to determine what a reasonable and appropriate sentence is in

IC6KLOPP

 1    your case, and one that is sufficient, but not greater than

 2    necessary, to meet the ends of the criminal justice system.

 3              Do you understand that?

 4              THE DEFENDANT:  Yes.

 5              THE COURT:  Now, assuming -- and it's a very good

 6    assumption -- that you are going to be sentenced to prison, I

 7    need to inform you that there is no system of parole in the

 8    federal criminal justice system; and, therefore, you will not

 9    be released any earlier from your prison sentence on parole.

10              Do you understand that?

11              THE DEFENDANT:  Yes.

12              THE COURT:  Do you understand that if anyone has told

13    you what your sentence is going to be or what they think the

14    sentence is going to be, they all could be wrong?  Do you

15    understand that?

16              THE DEFENDANT:  Yes.

17              THE COURT:  Because I'm the one who's going to

18    sentence you, sir, and I don't know what your sentence is going

19    to be, because I don't have enough information on which to base

20    a determination that a certain amount of time in prison is an

21    appropriate fair and reasonable sentence.

22              Do you understand that?

23              THE DEFENDANT:  Yes.

24              THE COURT:  Therefore, if you have an idea in your

25    head as to what you're going to be sentenced to, or if anyone

18

IC6KLOPP

1  has told what you they think you're going to be sentenced to

2  and it turns out that you are not, that you don't receive that

3  sentence, you still are going to be bound by this guilty plea

4  and you won't be allowed to withdraw it.

5          Do you understand that, Mr. Rodriguez Lopez?

6          THE DEFENDANT:  Yes.

7          THE COURT:  Now, I have a document.  It's six pages

8  long, it's dated November 14, it's from Mr. Rehn, it's to

9  Mr. Spilke, and I'm going to ask my deputy to mark it as

10  Government Exhibit No. 2.  I'm going to call it the plea

11  agreement.

12          Is that your signature on the last page?

13          THE DEFENDANT:  Yes.

14          THE COURT:  Was that document read to you in Spanish?

15          THE DEFENDANT:  Yes.

16          THE COURT:  Did you discuss it with your attorney?

17          THE DEFENDANT:  Yes.

18          THE COURT:  Did you understand it at the time you

19  signed it, sir?

20          THE DEFENDANT:  Yes.

21          THE COURT:  Does that letter agreement, Government

22  Exhibit No. 2, contain your complete and total understanding of

23  the entire agreement between the government, your attorney and

24  yourself?

25          THE DEFENDANT:  Yes.

19

IC6KLOPP

 1          THE COURT:  Has there been anything left out of that

 2    agreement?  Is there a side deal that I should know about?

 3          THE DEFENDANT:  No.

 4          THE COURT:  Has anyone offered you any inducements or

 5    threatened you or forced you to plead guilty or to enter into

 6    the plea agreement?

 7          THE DEFENDANT:  No.

 8          THE COURT:  Do you understand that in this plea

 9    agreement, you've agreed to give up your right to appeal the

10    sentence and you've agreed to give up your right to

11    collaterally attack the sentence if I sentence you to 57 months

12    in prison or fewer months?

13          THE DEFENDANT:  Yes.

14          THE COURT:  Do you understand that you're waiving the

15    right to assert the statute of limitations as a defense to the

16    action against you?

17          THE DEFENDANT:  Yes.

18          THE COURT:  Do you understand that you're giving up

19    your right to appeal the sentence and the conviction or to

20    collaterally attack the sentence or conviction on the basis of

21    the fact that you are going to be removed, almost certainly,

22    from the United States?

23          THE DEFENDANT:  Yes.

24          THE COURT:  Mr. Spilke, do you know of any valid

25    defense that would prevail at trial or know of any reason why

1    your client should not be permitted to plead guilty today?

2              MR. SPILKE:  No, your Honor.

3              THE COURT:  Is there an adequate factual basis, in

4    your estimation, sir, to support your client's guilty plea

5    today?

6              MR. SPILKE:  Yes, your Honor.

7              THE COURT:  Government, does the government believe

8    there is an adequate factual basis to support this defendant's

9    plea?

10             MR. REHN:  Yes, your Honor.

11             THE COURT:  All right.  Sir, tell me what you did in

12   connection with the crime to which you are entering a plea of

13   guilty.

14             Wait just a moment.  It has to be translated.

15             THE DEFENDANT:  From 2017 until my arrest, in

16   July 2018, I agreed with others to store and distribute

17   narcotics, including fentanyl analogues, oxycodone and

18   hydrocodone.  I stored pills in my apartment, took orders over

19   the Internet, shipped pills to customers, and received payments

20   that I later transferred to my coconspirators.

21             I knew that it was illegal to do so.

22             THE COURT:  When did you start doing this, sir?

23             THE DEFENDANT:  In 2017.

24             THE COURT:  Where were you when you did this?  What

25   county?

IC6KLOPP

1      THE DEFENDANT:  I was in New Jersey.

2      THE COURT:  Government, what's the connection?

3      MR. REHN:  Your Honor, the government would be able to

4  prove at trial that the defendant sent shipments of pills to an

5  address in Manhattan.

6      THE COURT:  All right.

7      Mr. Rodriguez Lopez, as part of the activity you

8  talked about, did you send fentanyl pills or fentanyl analogue

9  pills to Manhattan through the mails?

10      THE DEFENDANT:  Yes.

11      THE COURT:  Government, is there anything else you

12  want on the allocution?

13      MR. REHN:  No, your Honor.  Thank you.

14      THE COURT:  Defense?

15      MR. SPILKE:  No, your Honor.

16      THE COURT:  Government, what's the evidence here?

17      MR. REHN:  Your Honor, if this case were to proceed to

18  trial, the government would introduce evidence in the form of a

19  number of email communications as well as bank records and

20  surveillance footage from banks of the defendant --

21      THE COURT:  Email communications from and to him?

22      MR. REHN:  They include email communications from and

23  to him as well as other coconspirators.  Some of those are from

24  a laptop that was seized from the defendant's residence at the

25  time of his arrest, that was searched, as well as bank records

IC6KLOPP

1    and surveillance from banks showing the defendant depositing

2    money orders that were sent to purchase pills.

3             In addition to --

4             THE COURT:  In other words, this is through the

5    Internet, you contact a customer who would pay for pills by

6    money order, and you say there's surveillance of this defendant

7    depositing those money orders into a bank?

8             MR. REHN:  Yes, your Honor.

9             THE COURT:  What else?

10            MR. REHN:  There were numerous controlled buys

11   conducted in the course of the investigation, in which

12   undercover agents received shipments of pills with return

13   addresses of the defendant's address, including receipt of

14   shipments and pills in Manhattan.  And at the time of the

15   defendant's arrest, his premises were searched pursuant to a

16   search warrant, and some 200,000 pills were recovered from the

17   premises, all of which would be introduced at trial.

18            THE COURT:  All of which?

19            MR. REHN:  Would be introduced at trial.

20            THE COURT:  All right.  Thank you.

21            Mr. Rodriguez Lopez, how do you now plead to the

22   charge in the information against you, sir, titled United

23   States of America against Jorge Rodriguez Lopez, guilty or not

24   guilty?

25            THE DEFENDANT:  Guilty.

23

IC6KLOPP

1      THE COURT:  Are you pleading guilty because you are

2  guilty, sir?

3      THE DEFENDANT:  Yes.

4      THE COURT:  Are you pleading guilty voluntarily and of

5  your own free will?

6      THE DEFENDANT:  Yes.

7      THE COURT:  Defense, is there anything else you want

8  on the factual allocution?

9      MR. SPILKE:  No, your Honor.

10      THE COURT:  Mr. Rodriguez Lopez, because you

11  acknowledge you're guilty as charged, because I find you know

12  your rights and are waiving them knowingly and voluntarily,

13  because I find your plea is entered knowingly and voluntarily

14  and is supported by an independent basis in fact, containing

15  each of the essential elements of the offense, I accept your

16  guilty plea, sir, and determine you to be guilty of the offense

17  to which you just pled.

18      The probation office is going to be interview you.

19  Please give them accurate and complete information.  Your

20  defense attorney will be able to be there during that

21  interview, but I'm going to use the information you give the

22  probation department in connection with trying to determine

23  what an appropriate sentence is.  So give them full and

24  complete information.

25      Do you understand that?

IC6KLOPP

1              THE DEFENDANT:  Yes.

2              THE COURT:  I'm going to set the date for sentencing

3    here at March 7, 2019, at 2:30 p.m.

4              Anything else, government?

5              MR. REHN:  Nothing further, your Honor.

6              THE COURT:  Defense?

7              MR. SPILKE:  No thank you, your Honor.

8              THE COURT:  All right.  Thank you.

9              Mr. Rodriguez Lopez, I'll see you on the date set for

10   sentencing or any adjourned date.  Thank you, sir.

11             THE DEFENDANT:  Thank you.

12             THE COURT:  Thank you, Mr. Interpreter.

13             THE INTERPRETER:  You're welcome, Judge.

14                                * * *

15

16

17

18

19

20

21

22

23

24

25